UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

JAMES ALLEN GUINN,              )
                                )
            Plaintiff,          )
                                )
        v.                      )   No. 2:08-CV-42-JCH
                                )
COUNTY OF RANDOLPH, MISSOURI,   )
                                )
            Defendant.          )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of James Allen Guinn (registration no. 365361) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $25.08, and an average monthly account balance of $17.52. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Northeast Correctional Center, brings this 42 U.S.C. § 1983 action against defendant County of Randolph, Missouri. Liberally construing the complaint, it appears that plaintiff is reasserting claims he attempted to bring in a previously-filed case that this Court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Guinn v. County of Randolph*, No. 2:08-CV-23-JCH (E.D.Mo.). Plaintiff is again alleging that he was falsely arrested and convicted of state charges, and that the conviction subsequently was reversed. He claims that the Randolph County prosecutors maliciously prosecuted him and that the "prosecutors and courts" violated his civil rights and "railroaded" him. Plaintiff seeks monetary damages.

Having carefully reviewed the complaint, the Court concludes that this action is duplicative of *Guinn v. County of Randolph*, No. 2:08-CV-23-JCH (E.D.Mo.) and is legally frivolous. The County of Randolph is subject to liability under § 1983 only if

3

the alleged constitutional deprivation is the result of an official policy or custom of the County. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 691 (1978). Plaintiff alleges no facts relative to policy or custom. As such, the complaint will be dismissed, without prejudice, as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $5.00 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 16th day of September, 2008.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**